SCHOTT, Judge.
This is an appeal by the Sewerage and Water Board of New Orleans from a decision of the Civil Service Commission revok *1235 ing appellee’s dismissal from the services of the Board. In its June 28, 1985 letter notifying appellee of his dismissal the. Board referred to a long record of disciplinary actions taken against him including a May 11, 1984 reprimand for his dereliction in allowing an excessive number of personal telephone calls to be made on the station telephone; a July 9, 1984 reprimand for dereliction in failing to detect that his helper was sleeping on duty; a December 20, 1984 suspension of two days for his continuing unsatisfactory attendance and negligence in operating his station; and an April 17, 1985 suspension of five days for repeated unsatisfactory attendance and negligence in operating his station on March 1, 1985. However, the letter of dismissal stated that since his return to duty after the five day suspension of April 17 appellee neither reported for work nor called in on one day and he was tardy on two other days. The letter concluded: “Because your attendance record has not improved despite the previous reprimands and disciplinary actions your supervisor has recommended that you be dismissed.”
In reasons for its decision the Commission summarized appellee’s explanations for the phone call and sleeping helper incidents and found that the Board failed to prove that appellee was negligent on March 1, 1985 which the Commission characterized as the incident which “precipitated” appellee’s dismissal. The underlying issue is whether an appointing authority like the Board in discharging an employee for a record of numerous infractions and derelictions has the burden of proving each individual incident for which previous disciplinary action was taken and from which the employee did not appeal.
In its decision the Commission found as follows:
The incident which seems to have precipitated appellant’s dismissal was regarding the improper functioning of a “divider valve” which could have caused flooding in certain areas of the City. The appellant testified that he was never taught about divider valves and his supervisor told him that much of his training would come from “on-the-job training”. This point was not disputed by the Board. In fact, the appellant said that he made two telephone calls to his supervisor when he realized that he was in “deep water” regarding the operation of equipment of which he had little knowledge.
The Commission feels that a clear and convincing picture of equipment negligence on the part of appellant was not proven at the hearing.
In the first place the Commission clearly erred in finding that this incident precipitated appellee’s dismissal. The record shows that he was suspended for five days for this incident on April 17, 1985 and he did not take an appeal from the disciplinary action. He had already been punished for the incident so it could not be the precipitating incident of his subsequent dismissal. It was his poor attendance record after his return from the suspension of five days for equipment negligence which precipitated his dismissal.
Furthermore, the Commission committed legal error in requiring the Board to prove his equipment negligence. If appel-lee had appealed from the previous five day suspension for equipment negligence the burden of proof would have been on the Board to prove it pursuant to Art. 10, § 8(A) of the Constitution, but he didn’t appeal so the finding of negligence on his part was final and no longer subject to dispute on his part. At the present hearing the burden of proof was on the Board to prove appellee’s bad attendance record which did precipitate his dismissal against the background of an abysmal record of two suspensions for serious derelictions of his duty to run the pumps during heavy rains, two formal reprimands, and at least eight attendance reprimands all in the short period of time between June, 1983 when he was promoted to his last position and June, 1985 when he was finally dismissed.
Considering that the Commissions’ action was based on factual and legal error, that *1236 the Board carried its burden of proof under the constitution, and that appellee’s dismissal was warranted, the decision of the Civil Service Commission is reversed and set aside and the dismissal of appellee Henry Jones by the Sewerage and Water Board is affirmed.
REVERSED AND RENDERED.